CHARLES R. BINGHAM *vs.* EBEN D. JORDAN & another.

An unrecorded mortgage of personal property, which is not delivered to and retained by the mortgagee, is not valid against the assignee in insolvency of the mortgagor.

TORT for goods mortgaged to the plaintiff by Parker, Clapp & Co., against their assignees in insolvency. At the trial in the superior court, it appeared that one of the mortgagors lived in Chelsea, and the other in Boston, and that their place of business was in Boston; and that the mortgage was recorded in Boston, but not in Chelsea, before the first publication of notice of the proceedings in insolvency. Upon these facts, *Morton,* J. ruled that the plaintiff was not entitled to recover, and a verdict was returned for the defendants, and the plaintiff alleged exceptions.

*H. C. Hutchins,* for the plaintiff.

*B. F. Brooks & J. D. Ball,* for the defendants.

HOAR, J. The single question which this case presents is, whether the assignee in insolvency of the mortgagor of personal property, where the mortgage was not recorded according to law, and the possession of the property was retained by the mortgagors until the insolvency, is to be regarded as a "party" to the mortgage, so as to come within the exception in the statute which provides that such mortgages "shall not be valid against any person other than the parties thereto." Gen. Sts. *c.* 151, § 1. We are of opinion that he cannot be so regarded, and that the ruling of the court at the trial was right.

The assignment "vests in the assignees all the property of the

debtor, both real and personal, which he could by any way or means have lawfully sold, assigned or conveyed, or which might have been taken in execution on any judgment against him, at the time of the first publication of the notice of issuing the warrant" to the messenger. *St.* 1838, *c.* 163, § 5. By this provision the assignee, while for some purposes he represents the debtor and stands in his place, is clothed with much higher and more extensive rights in relation to the estate than the debtor himself possessed. And, in respect to mortgaged personal property, we think that his rights, as representing the creditors, are such as bring him not only within the plain letter of the statute, but within its spirit and purpose. Without registration or delivery, a mortgage of personal property has no validity against a purchaser from the mortgagor, even with notice of the mortgage. *Travis* v. *Bishop*, 13 Met. 304. The debtor could therefore have sold this property, and have given a perfect title to a purchaser. The opinion was strongly intimated in *Denny* v. *Lincoln*, 13 Met. 200, that an attachment would hold against an unrecorded mortgage, although the attaching creditor had notice of it. And in *Briggs* v. *Parkman*, 2 Met. 258, it seems to be assumed that, if the mortgage were not recorded until after the first publication of the notice of issuing the warrant in insolvency, the title of the assignee would prevail.

At common law, a mortgage of personal property, without delivery, would stand on no better ground than any other sale ; and the policy of the law, in requiring registration, could hardly be made effectual under the provisions of the insolvent law, if assignees were not allowed to take, for the benefit of creditors, property which the creditors themselves might have taken on execution, or which the debtor might have conveyed to them in satisfaction of their debts. *Exceptions overruled.*